UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

EDISON RODRIGUEZ,

                            Petitioner,

               -v-

UNITED STATES OF AMERICA,

                            Respondent.

------------------------------------------------------------X

16 Civ. 5230 (PAE)
13 Cr. 383-1 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

       On June 16, 2016, Edison Rodriguez, *pro se*, mailed this Court a habeas petition pursuant to 28 U.S.C. § 2255 asking the Court to vacate, set aside, or correct his sentence. As grounds, Rodriguez there claims that he is "entitled to a reduction in his sentence" based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), because he had been "indicted, prosecuted, and sentenced for an offense which includes firearm(s)" and/or because his "sentence was enhanced under the provision in 18 U.S.C. § 924 and/or under the Armed Career Criminal Act of 1984 [('ACCA')]." Dkt. 1 at 2 (in No. 16 Civ. 5230 (PAE) (S.D.N.Y. 2016)); *see also id.* at 4 ("I was sentenced for an offense involving firearm(s) . . . ."). On November 4, 2016, the Government filed an opposition. Dkt. 68 (in No. 13 Cr. 383-1 (PAE) (S.D.N.Y. 2013)).

       As the Government correctly points out, Rodriguez was not sentenced under any provision that implicates *Johnson*. *Johnson* invalidated the residual clause of the ACCA's definition of a violent felony—"[a crime that] otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)— as unconstitutionally

1

vague. *Johnson*, 135 S. Ct. at 2557. But Rodriguez's sentence was not enhanced pursuant to 18 U.S.C. § 924(e)(2)(B)(ii). Nor was he found guilty of or sentenced under a law that contains a definition at all similar to the ACCA's violent felony residual clause.

On January 6, 2014, before this Court, Rodriguez pled guilty to one count of conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951.[1] *See* Plea Tr. The Hobbs Act makes it a crime to "in any way or degree obstruct[], delay[], or affect[] commerce or the movement of any article or commodity in commerce, by robbery or extortion or [by] attempt[ing] or conspir[ing] so to do." 18 U.S.C. § 1951(a). Robbery, in turn, is defined as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession." *Id.* § 1951(b)(1). "To establish conspiracy to commit robbery in violation of the Hobbs Act, the government must prove that [a defendant] (1) knowingly agreed with at least one other person; (2) to unlawfully take or obtain personal property from or in the presence of another person, against his will, by means of actual or threatened force; (3) which obstructed, delayed, or affected interstate commerce." *United States v. Rodriquez*, 114 F. App'x 23, 25 (2d Cir. 2004). Neither this statutory language nor these elements track or implicate the offending language in *Johnson*. Conspiracy to commit Hobbs Act robbery is not void for vagueness under that decision.

---

[1] Rodriquez was initially also charged with two counts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Dkt. 11 at 4–5 (in No. 13 Cr. 383-1 (PAE) (S.D.N.Y. 2013)). The residual clause of § 924(c)'s definition of a crime of violence is similar to the violent felony residual clause at issue in *Johnson*. However, Rodriguez did not plead guilty to either of the § 924(c) charges, which were dismissed pursuant to his plea agreement. Dkt. 60 (in No. 13 Cr. 383-1 (PAE) (S.D.N.Y. 2013)). In any event, the Second Circuit has rejected the claim that § 924(c) is infirm under *Johnson*. *See United States v. Hill*, 832 F.3d 135, 150 (2d Cir. 2016).

2

To the extent Rodriguez's petition might be construed to challenge any aspect of the advisory Sentencing Guidelines calculation made in connection with his sentencing, that argument also fails. In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held that, "[b]ecause [the Sentence Guidelines] merely guide the district courts' discretion," they are not subject to due process challenges for vagueness under *Johnson*. *Id.* at 894. Here, Rodriguez benefited from such an exercise of discretion. The Court sentenced Rodriguez to 72 months in prison, six months below the bottom of the advisory guideline range as calculated. *See* Sentencing Tr. at 5–6, 23.

The Court therefore dismisses with prejudice Rodriguez's § 2255 petition as meritless and closes the case in which that petition was filed, No. 16 Civ. 5230. The Court also denies Rodriguez's motion for additional time to file a memorandum of law, because such a memorandum would not assist the Court. The Clerk of the Court is respectfully directed to close the motions at Dkts. 1 and 2 on the docket of No. 16 Civ. 5230, and at Dkt. 62 in the underlying criminal case, No. 13 Cr. 383-1.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: August 29, 2017
       New York, New York